U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 16 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRISCILLA SINGLETON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-874-A |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION
and
## ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

This action was initiated on November 29, 2011, in the District Court of Tarrant County, Texas, 348th Judicial District, as Case No. 348-256715-11, by the filing by plaintiff, Priscilla Singleton, of her original petition ("petition"), against defendant, Bank of America, N.A. Defendant removed the action to this court by notice of removal filed December 19, 2011. On December 20, 2011, defendant filed a motion to dismiss the

petition for failure to state a claim upon which relief may be granted.

On January 26, 2012, pursuant to this court's order, defendant filed an amended notice of removal. In its amended notice of removal, defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of her petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiff seeks declaratory relief quieting title in the property to plaintiff, the minimum amount in controversy can be based on either the property value or alternatively, the total amount of indebtedness owed to defendant as of January 17, 2012. In support of its position, defendant cites to legal authority standing for the proposition that the value of the property constitutes the proper measure of the amount in controversy in an action such as this one. Am. Notice of Removal at 1, ¶ 2.

With respect to the value of the property, defendant argues there is sufficient information in the pleadings to determine

that the value of the property constitutes the amount in controversy," because plaintiff seeks a "declaratory judgment quieting title to her," and because that request "calls into question a right to the property in its entirety." Id. As for plaintiff's indebtedness to defendant, defendant argues that the "unpaid principal balance on Plaintiff's mortgage" and the "escrow shortage" as of January 17, 2012, could also constitute the amount in controversy, because plaintiff is seeking an order "freeing the subject properties [sic] from the liens of such obligations." Id. at 2.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v.

3

Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or

4

injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

### III.

### The True Nature of Plaintiff's Claims

Plaintiff's petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented. As a result, the court has evaluated the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendant from taking possession of the property pursuant to foreclosure proceedings. As the petition alleges, plaintiff pursues that goal by seeking (a) an order barring any foreclosure proceedings; and (b) a money judgment to compensate her for damages she has suffered, because defendant lacked the proper authority to foreclose on the property or to threaten her with a foreclosure sale. The court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

5

Defendant contends that the value of the property or the amount of indebtedness could serve as the amount in controversy because plaintiff asserts equitable relief in the form of a claim for declaratory relief. Defendant relies on the oft-cited argument that in actions seeking declaratory or injunctive relief, "the amount in controversy is equal to the value of the property." Am. Notice of Removal at 1, ¶ 2. In the section of its amended notice of removal quoted in section I of this memorandum opinion, defendant suggests that the value of the object of the litigation could be either the value of the property, or alternatively, the total amount of indebtedness plaintiff owes to defendant as of January 17, 2012.

For the value of the property, defendant asserts that the amount in controversy is $173,500, the tax appraisal value of the property provided by the Tarrant County Appraisal District. Id. at 2, ¶ 3; Notice of Removal, Ex. A. For the total amount of indebtedness, defendant asserts that the amount in controversy is $293,265.50; this sum includes $228,436.66, as "the current unpaid balance on Plaintiff's mortgage," and the "escrow shortage of $24,792.85." Am. Notice of Removal at 2, ¶ 4-5.

However, the court is not persuaded by the argument that any of these figures supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how

6

much equity she has in the property. Defendant does not cite to, nor can the court discern, any such statement to support a finding that the property value or plaintiff's indebtedness to defendant is the amount in controversy. That is, defendant's attribution of these figures as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

The court likewise rejects defendant's alternative argument that $293,265.50, the amount of indebtedness owed to defendant as of January 17, 2012, serves as the amount in controversy. Again, defendant points no allegation in the petition to show by a preponderance of the evidence that the value to plaintiff of the order she seeks from the court is equal to that particular amount of indebtedness.

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Accordingly, the court is not persuaded by defendant's citation to two decisions that rely upon Waller for the proposition that the value of the property controls the amount in controversy here. Am. Notice of Removal at 1-2, ¶ 2 (citing to Bardwell v. BAC Home Loans Servicing, No. 3-11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011); Hayward v. Chase Home Finance, LLC, No. 3:10-CV-2463-G, 2011 WL 2881298, at *4-5 (N.D. Tex. Jul. 18, 2011)).

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to retain possession of the property. Nothing is alleged that would put a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that she is entitled to hold legal title in the property, she does not assert that such relief is based on a claim that she has outright ownership of the property, free of any indebtedness. Indeed, plaintiff makes statements to suggest that her ownership of the property <u>is</u> encumbered by a debt, or more precisely, a security lien.[2] The value to plaintiff of her rights in the litigation is, at most, the value of her interest in the property, not the value of the property itself. Defendant therefore has not established the value of plaintiff's interest in the property.

IV.

<u>Plaintiff's Attempt to Amend</u>
<u>Her Complaint</u>

On February 16, 2012, plaintiff filed a document titled "Plaintiff's First Amended Complaint" in which she alleged that "[t]his Honorable Court has jurisdiction under the provisions of

---

[2] Plaintiff alleged in her petition that her ownership of the property is subject to a security lien placed by the deed of trust, and specifically complains of "[t]he inability of Plaintiff to safely discharge any lien of the Trust Deed against the subject property in favor of assignees of the Note and Trust Deed." Notice of Removal, Ex. B-1 at 8, ¶ 27.

8

28 U.S.C. § 1332 because it is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs . . . ." However, plaintiff did not file the required motion for leave to file that amended document; and, the court has ordered it unfiled. Even if the allegations in such document were to be given effect, the conclusory allegation that "the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" would not provide the court the factual basis that would permit the court to find from a preponderance of the evidence that the jurisdictional amount in controversy actually exists. The court insists on being provided facts in some form on the jurisdictional amount, not a mere conclusory statement.

V.

Conclusion

For the reasons given above, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

VI.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED February 16, 2012.

_____
JOHN McBRYDE
United States District Judge